DAMIEN M. SCHIFF, No. 235101
E-mail:  dms@pacificlegal.org
JOSHUA P. THOMPSON, No. 250955
E-mail:  jpt@pacificlegal.org
CHRISTOPHER M. KIESER, No. 298486
E-mail:  cmk@pacificlegal.org
WENCONG FA, No. 301679
E-mail:  wf@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

HOWARD A. SAGASER, No. 72492
E-mail:  has@sw2law.com
IAN B. WIELAND, No. 285721
E-mail:  ian@sw2law.com
Sagaser, Watkins & Wieland, PC
7550 North Palm Avenue, Suite 100
Fresno, California 93711
Telephone:  (559) 421-7000
Facsimile:  (559) 473-1483

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR POINT NURSERY and FOWLER PACKING CO., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM B. GOULD IV, GENEVIEVE SHIROMA, CATHRYN RIVERA-HERNANDEZ, AND J. ANTONIO BARBOSA, members of the Agricultural Labor Relations Board in their official capacities, <br><br> Defendants. | No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Complaint

## JURISDICTION

1. The claims in this action arise under the Fourth and Fifth Amendments to the United States Constitution, made applicable to the States by the Fourteenth Amendment. This Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. A remedy is sought under 28 U.S.C. § 2201.

2. Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), State officials may be sued for declaratory and injunctive relief when they act in violation of the Constitution. This Court has jurisdiction to grant the requested injunction against an unconstitutional regulation enforced by the Agricultural Labor Relations Board.

3. Venue is proper in this district because the conduct at issue took place within this district and the Plaintiffs' properties are all located within this district. 28 U.S.C. § 1391(b)(2). Venue is proper in the Fresno Division of this District Court under Local Court Rule 120(d) because Plaintiff Fowler Packing Co. is located in Fresno County.

## INTRODUCTION

4. Cedar Point Nursery (Cedar Point) and Fowler Packing Co. (Fowler) bring this action for declaratory and injunctive relief against the Members of the California Agricultural Labor Relations Board (the Board) in their official capacities. The action challenges a Board regulation that unlawfully permits union organizers to access private property in violation of the Fourth and Fifth Amendments (the access regulation).

5. The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures, while the Fifth Amendment prevents the government from depriving property owners of the right to exclude trespassers from their property without just compensation. The Board regulation gives union organizers the right to access private property for the purposes of soliciting support, and thus authorizes a seizure and taking of possessory interests in private property, including the right to exclude others.

///

///

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

Complaint

- 1 -

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

6. Cedar Point experienced recent disruptions caused by United Farm Workers (the Union) organizers protesting on their property under the guise of the access regulation. The Union filed a charge against Fowler with the Board for violating the regulation by denying access to union organizers.

7. The access regulation imposes an easement across the private property of Cedar Point and Fowler for the benefit of union organizers. It deprives Plaintiffs of the right to exclude trespassers from private property and seizes a possessory interest in that property. Consequently, it violates the Fourth and Fifth Amendments to the United States Constitution, as applied to the States through the Fourteenth Amendment. Plaintiffs are entitled to equitable relief under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, including a preliminary injunction.

**THE PARTIES**

8. Plaintiff Cedar Point Nursery is an Oregon corporation. Its nursery is located at 624 Dorris Brownell Road in Dorris, California, a few miles from the Oregon border. Cedar Point raises strawberry plants for producers both statewide and nationally. It has recently been subject to a Union protest on its property under the guise of the access regulation.

9. Plaintiff Fowler Packing Co. is a California corporation with its headquarters in Fresno. It is one of the largest shippers in the fresh produce business, handling over 5 million boxes of table grapes, and 15 million boxes of citrus each year, including the popular mandarin brand "Halos." In July 2015, the Union filed a charge against Fowler with the Board, alleging that Fowler had unlawfully denied access to its property at 8570 South Cedar Avenue in Fresno on three separate days.

10. Defendant William B. Gould IV is Chairman of the California Agricultural Labor Relations Board. The Board is an agency of the State of California which has responsibility for administering the Agricultural Labor Relations Act (the Act), Cal. Lab. Code § 1140, *et seq.* The Board has the responsibility to investigate unfair labor practice charges and pursue remedies. Defendant William B. Gould is being sued in his official capacity as Chairman of the Board.

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

11. Defendant Genevieve Shiroma is a Board Member. She is being sued in her official capacity.

12. Defendant Cathyrn Rivera-Hernandez is a Board Member. She is being sued in her official capacity.

13. Defendant J. Antonio Barbosa is Executive Secretary of the Board. He is being sued in his official capacity.

## FACTUAL BACKGROUND RELATING TO THE ACCESS REGULATION

14. The Agricultural Labor Relations Act, Cal. Lab. Code § 1140, *et seq.*, went into effect on August 28, 1975. The Act does not include a provision permitting access for union organizers on private property.

15. After the Act took effect, the Board immediately promulgated an emergency access regulation. It took effect on August 29, 1975, and was duly certified on December 2, allowing it to remain in effect until amended or repealed.

16. Two groups of growers challenged the regulation as a violation of the Takings and Due Process Clauses of the United States Constitution in state court immediately after it was adopted. Two separate California trial courts issued temporary injunctions. *Agricultural Labor Relations Board v. Superior Court (Pandol & Sons)*, 16 Cal. 3d 392, 401 (1976). In a 4-3 decision, the California Supreme Court reversed. *Id.* at 409-11. The court held that the Board was not required to decide whether union access was necessary on a case-by-case basis, but could instead maintain a blanket rule granting access. *Id.* at 409. The dissent, on the other hand, concluded that "the regulation constitutes an unwarranted infringement on constitutionally protected property rights." *Id.* at 421 (Clark, J., dissenting).

17. The current version of the access regulation declares that the Board "will consider the rights of employees under Labor Code Section 1152 to include the right of access by union organizers to the premises of an agricultural employer for the purpose of meeting and talking with employees and soliciting their support . . . ." Cal. Code Regs. tit. 8, § 20900(e).

///

///

18. The regulation contains time, place, and manner restrictions: (1) access is available for no more than four 30-day periods in a calendar year; (2) each such period commences when the Union files a written Notice of Intent to Take Access as well as proof of service on the agricultural employer; (3) organizers can enter the property for one hour before the start of work, one hour after the completion of work, and one hour during the lunch break; (4) two organizers are permitted per work crew of up to 30 employees, with an additional organizer allowed for each additional 15 employees. *Id.* § 20900(e)(1)-(4).

19. Interference with the union organizers' regulatory right of access "may constitute an unfair labor practice in violation of Labor Code Section 1153(a) if it independently constitutes interference with, restraint, or coercion of employees in the exercise of their rights under Labor Code Section 1152." *Id.* § 20900(e)(5)(c).

20. In 2015, the Union filed 62 notices of intent to take access with the Board. *See* Exhibit A.

**FACTUAL BACKGROUND RELATING TO THE BOARD AND ITS PROCEEDINGS**

21. Board regulations allow any person to file a charge against any other person for engaging in an unfair labor practice. Cal. Code Regs. tit. 8, § 20201. The charge must contain "[a] short statement of the facts allegedly constituting an unfair labor practice." *Id.* § 20202(c).

22. Once the charge has been filed, the regional director of the proper Board office has a duty to investigate whether an unfair labor practice has been committed. *Id.* § 20216. If the regional director concludes that no reasonable cause exists or there is insufficient evidence to support the charge, it is dismissed. *Id.* § 20218. The regional director must then issue a written notice explaining the reasons for the dismissal. *Id.*

23. Upon a dismissal, the charging party may seek review by the Board's general counsel. *Id.* § 20219. The general counsel may affirm the regional director's decision, remand for further factfinding, or issue a formal complaint in the name of the Board. *Id.* §§ 20219-20220. "The complaint shall contain a statement of the specific facts upon which jurisdiction of the Board is based, including the identity of the respondent, and shall state with particularity the conduct which is alleged to constitute an unfair labor practice." *Id.* at 20220.

24. Once the complaint is issued, proceedings are similar to litigation. *See id.* §§ 20220-20278. At the conclusion of factfinding and argument, an administrative law judge (ALJ) makes the decision as to whether an unfair labor practice has been committed. *Id.* § 20279. If the ALJ finds that an unfair labor practice has been committed, "the decision shall contain an order for such affirmative action by the respondent as will effectuate the policies of the Act." *Id.*

25. Within 20 days of the ALJ's decision, any party may file an exception to the Board, seeking to reverse particular parts of the decision. *Id.* § 20282(a). If no exceptions are filed, the ALJ's decision becomes final 20 days after it is served on the parties. *Id.* § 20286(a). If there are exceptions, "the Board shall review the applicable law and the evidence and determine whether the factual findings are supported by a preponderance of the evidence taken." *Id.* § 20286(b).

**FACTS RELATING TO THE PLAINTIFFS**

**Cedar Point**

26. Cedar Point employs more than 400 seasonal and about 100 full-time workers at its Dorris, California nursery.

27. Seasonal workers at Cedar Point are housed in hotels in nearby Klamath Falls, Oregon. None of Cedar Point's full-time or seasonal employees live on the Nursery's property.

28. Cedar Point employees earn at or above market rates. Workers typically work 9-hour days beginning around 6:00 a.m., and complementary meals are served at designated times on the premises. Cedar Point's management has never received complaints about the working conditions or housing provided to employees.

29. The Union staged a protest on Cedar Point's property during the tail-end of the six-week strawberry harvesting season in 2015. It was Cedar Point's first interaction with the Union.

30. On October 29, 2015, Union protesters entered Cedar Point's property at approximately 5:00 a.m., without any prior notice of intent to access the property. By approximately 6:00 a.m. Union protesters trespassed across Cedar Point's property to the trim sheds, where hundreds of employees were preparing Cedar Point's strawberry plants. The protesters disrupted work by moving through the trim sheds with bullhorns, distracting and intimidating workers.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

31. Some workers who were present when the Union entered Cedar Point's property left to protest with Union representatives. Other workers left the work site and did not join the protest. Many of the employees who left the work site or joined the protest were back at work at Cedar Point by Saturday, October 31. The majority of workers did not leave their work stations during the protest.

32. After the Union entered Cedar Point's property, the Union informed Cedar Point employees, including Human Resources Director Rachel Halpenny, that it had filed paperwork with the Board. It was at this point—after the Union had already trespassed throughout the property—that it finally served the notice of intent to take access.

33. The Union claims that the access regulation grants it access rights to Cedar Point's property.

34. Cedar Point has filed a charge against the Union with the Board, alleging that the Union has violated the access regulation by taking access to Cedar Point's property without providing proper notice. The Union has also filed a charge against Cedar Point, alleging that Cedar Point committed an unfair labor practice.

35. Because the Union was ultimately unsuccessful in recruiting most of Cedar Point's workers, it is likely the Union will attempt to take access again in the near future. If not for the challenged regulation, Cedar Point would exercise its right to exclude the Union trespassers from its property.

**Fowler**

36. Fowler employs 1,800 - 2,500 people in its field operations and approximately 500 people at its packing facility in Fresno, California. The company takes its social responsibility seriously; it provides free, wholesome meals for its packing house employees on premises, and maintains a medical clinic that serves all Fowler employees and their families free of charge. Each employee also carries a card with a "hotline" number, which they may anonymously call to report any signs of abuse, misconduct, harassment, or unsafe working conditions.

37. Fowler's employees do not live on the premises and are fully accessible to the Union when they are not at work.

38. The Union alleged in a charge that Fowler interfered with its access rights under the regulation for three days in July 2015. According to the charge filed with the Board, the Union duly provided notice before taking access, but Fowler blocked its organizers from taking the access permitted by the regulation.

39. Subsequently, the Union moved to withdraw its charge against Fowler. On January 13, 2016, the Board granted the Union's request. The Board did not indicate the Union's reason for seeking withdrawal.

40. Absent the challenged regulation, Fowler would oppose union access and exercise its right to exclude union trespassers from its property.

## DECLARATORY RELIEF ALLEGATIONS

41. Under the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution, Plaintiffs have a right to be free from laws that take or seize property for a public purpose, but on an unreasonable ground and without any mechanism for compensation.

42. Defendants are charged with enforcing the access regulation, which takes an interest in private property without providing a mechanism for compensation.

43. There is a justiciable controversy in this case as to whether the regulation violates the Fourth, Fifth, and Fourteenth Amendments as applied to Cedar Point and Fowler.

44. A declaratory judgment as to whether the regulation unconstitutionally takes or seizes property will clarify the legal relations between Plaintiffs and Defendants with respect to enforcement of the regulation.

45. A declaratory judgment as to the constitutionality and legality of the regulation will give the parties relief from the uncertainty and insecurity giving rise to this controversy.

## INJUNCTIVE RELIEF ALLEGATIONS

46. Plaintiffs have no adequate remedy at law to address the unlawful and unconstitutional taking and deprivation of their property effected by the regulation and under color of state law.

47. There is a substantial likelihood that Plaintiffs will succeed on the merits of their claims that the regulation unconstitutionally takes and seizes private property.

- 7 -

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

48. Plaintiffs Cedar Point and Fowler are required to permit union trespassers to enter their property under the authority of the regulation. They cannot avoid those events without judicial relief, and will suffer irreparable injury absent a preliminary injunction restraining Defendants from enforcing the regulation.

49. Plaintiffs will suffer irreparable injury absent a permanent injunction restraining Defendants from enforcing the regulation.

50. Plaintiffs' injury—the immediate, unconstitutional, and illegal taking of a property interest for the benefit of union organizers—outweighs any harm the injunction might cause Defendants or the State of California.

**FIRST CLAIM FOR RELIEF**

**(Taking of an Easement Without Just Compensation, in
Violation of the Fifth and Fourteenth Amendments, through 42 U.S.C. § 1983)**

51. Plaintiffs hereby re-allege each and every allegation contained in paragraphs 1 through 50 as though fully set forth herein.

52. The Fifth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, provides "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

53. The Supreme Court of the United States has recognized that the Declaratory Judgment Act, 28 U.S.C. § 2201, "allows individuals threatened with a taking to seek a declaration of the constitutionality of the disputed governmental action before potentially uncompensable damages are sustained." *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 71 n.15 (1978).

54. As a result of the California Supreme Court's *Pandol & Sons* decision, there is no adequate state-law remedy for property owners affected by the Board's access regulation, and Plaintiffs need not seek such a remedy before bringing this action in federal court.

///

///

///

55.     In addition, monetary relief is not available as a matter of law in this action, because "the Eleventh Amendment bars reverse condemnation actions brought in federal court against state officials in their official capacities." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008).

56.     Both Plaintiffs have reason to believe that the access regulation will be applied against them in the future.  Fowler had a recent charge filed against it for violating the access regulation.  The Union alleges Fowler prevented union organizers from trespassing after Fowler had been served with a notice of intent to take access.  Cedar Point has a charge pending against the Union relating to the Union protest on October 29, 2015.

57.     Given the foregoing, the only proper and possible remedy for the constitutional taking injury alleged in this case is declaratory and injunctive relief, and this Court is a proper forum for such relief.

58.     Since the access regulation now creates an easement for union organizers to enter Plaintiffs' private property without consent or compensation, it causes an unconstitutional taking. Plaintiffs are entitled to declaratory and injunctive relief preventing the application of Cal. Code Regs. tit. 8, § 20900(e) against them.

### SECOND CLAIM FOR RELIEF

**(Unconstitutional Seizure in Violation of the Fourth Amendment, through 42 U.S.C. § 1983)**

59.     Plaintiffs hereby re-allege each and every allegation contained in paragraphs 1 through 58 as though fully set forth herein.

60.     The Fourth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, provides in relevant part:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const. amend. IV.

61.     A seizure of property occurs whenever "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

62. The right to exclude unwanted strangers from private land is a protected possessory interest in real property.

63. When a private person acts "'as an agent of the Government or with the participation or knowledge of any governmental official,'" then the private person's acts are attributed to the Government. *Id.* (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)).

64. By granting an access easement to union organizers, the Board's access regulation now permits those organizers to significantly interfere with Plaintiffs' possessory interest in their private property. And because such access is unnecessary given the alternative means of communication available, *see Lechmere v. NLRB*, 502 U.S. 527, 540-41 (1992), it is unreasonable to allow union organizers to seize this possessory interest in Plaintiffs' property.

65. Plaintiffs are entitled to injunctive relief and a declaration that Cal. Code Regs. tit. 8, § 20900(e) effects an unreasonable seizure of their property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment from this Court as follows:

1. A declaratory judgment that Cal. Code Regs. tit. 8, § 20900(e) is unconstitutional as applied to Plaintiffs;

2. An order enjoining Defendants from enforcing Cal. Code Regs. tit. 8, § 20900(e) against Plaintiffs;

3. An award to Plaintiffs of reasonable attorneys' fees in bringing and maintaining this action pursuant to 42 U.S.C. § 1988;

4. An award to Plaintiffs of costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

///
///
///
///
///

Complaint

- 10 -

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

5. An award to Plaintiffs of any other relief that the Court deems just and proper under the circumstances of this case.

DATED: February 10, 2016.

Respectfully submitted,

DAMIEN M. SCHIFF
JOSHUA P. THOMPSON
CHRISTOPHER M. KIESER
WENCONG FA
HOWARD A. SAGASER
IAN B. WIELAND


By    /s/ Joshua P. Thompson
         JOSHUA P. THOMPSON

Attorneys for Plaintiffs

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Complaint

- 11 -