DAMIEN M. SCHIFF, No. 235101
E-mail:  dms@pacificlegal.org
JOSHUA P. THOMPSON, No. 250955
E-mail:  jpt@pacificlegal.org
CHRISTOPHER M. KIESER, No. 298486
E-mail:  cmk@pacificlegal.org
WENCONG FA, No. 301679
E-mail:  wf@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

HOWARD A. SAGASER, No. 72492
E-mail:  has@sw2law.com
IAN B. WIELAND, No. 285721
E-mail:  ian@sw2law.com
Sagaser, Watkins & Wieland, PC
7550 North Palm Avenue, Suite 100
Fresno, California 93711
Telephone:  (559) 421-7000
Facsimile:  (559) 473-1483

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR POINT NURSERY and FOWLER PACKING CO., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM B. GOULD IV, GENEVIEVE SHIROMA, CATHRYN RIVERA-HERNANDEZ, AND J. ANTONIO BARBOSA, members of the Agricultural Labor Relations Board in their official capacities, <br><br> Defendants. | No. 1:16-cv-00185-LJO-BAM <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date:  March 23, 2016 <br> Time:  9:00 a.m. <br> Courtroom 4, 7th Floor <br> Judge Lawrence J. O'Neill |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD, TAKE NOTICE: That on March 23, 2016, or as soon thereafter as may be heard by this Court, Plaintiffs Cedar Point Nursery and Fowler Packing Company (Plaintiffs) will move, and hereby do move, this Court to issue a preliminary injunction enjoining Defendants William B. Gould IV, Genevieve Shiroma, Cathryn Rivera-Hernandez, and J. Antonio Barbosa from enforcing California Code of Regulations, Title 8, Section 20900(e) (the access regulation) against Plaintiffs, pending resolution of the merits of the claims raised in this action.

This motion is brought pursuant to Federal Rule of Civil Procedure 65, as well as upon the Memorandum of Points and Authorities, the Declaration of Mike Fahner, the Declaration of Dennis Parnagian, and other papers and briefs heretofore filed in this action. Pursuant to Local Rule 231(d)(3), Plaintiffs do not desire to present oral testimony at the preliminary injunction hearing and anticipate that the hearing will take no more than an hour.

The grounds for this motion are that:

1.  In the above-entitled action, Plaintiffs challenge the constitutionality of the California Code of Regulations, Title 8, Section 20900(e), which allows union organizers to conduct disruptive protests on Plaintiffs' property. Plaintiffs allege that the regulation, as applied to them, violate their constitutional rights under the Takings Clause of the Fifth Amendment and the Seizure Clause of the Fourth Amendment.

2.  Plaintiffs are agricultural businesses subject to the above-referenced regulation. Union organizers have conducted disruptive protests on Plaintiffs' private property in the past, and will continue to do so in violation of Plaintiffs' Fourth Amendment and Fifth Amendment rights. In accordance with Local Rule 231(f), Plaintiffs disclose that Cedar Point Nursery's property is located at 624 Dorris Brownell Road, Dorris, CA 96023. Fowler Packing Company's property is located at 8570 S. Cedar Ave., Fresno, CA 93725.

3.  Within the last year, union organizers have filed Agricultural Labor Relations Board (ALRB) charges against Fowler for allegedly violating the access regulation. Similarly, Cedar Point has a pending ALRB charge against United Farm Workers (the union) for violating the access regulation. This, together with the ALRB's previous enforcement of the access regulation,

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

evidence Defendants' intention to continue to enforce the access regulation against Plaintiffs in the future.

4. Plaintiffs are likely to succeed on the merits of their complaint. By allowing union organizers to commandeer Plaintiffs' private property, the access regulation violates the Takings Clause of the Fifth Amendment and the Seizure Clause of the Fourth Amendment.

5. If Defendants are not enjoined from enforcing the access regulation, Plaintiffs will suffer irreparable injuries, including the deprivation of fundamental constitutional rights, a loss in goodwill, and competitive disadvantage.

6. Granting the requested preliminary injunction is in the public interest, as it would prevent Defendants from further violating the mandates of the United States Constitution.

7. The balance of equities tips in Plaintiffs' favor, because while Plaintiffs are irreparably injured by the access regulation, Defendants cannot reasonably assert that they are harmed in any legally cognizable sense by being enjoined from committing further constitutional violations.

8. At a minimum, Plaintiffs have raised serious questions going to the merits, and have shown that the balance of hardships tips sharply towards them, a likelihood of irreparable injury, and that the injunction is in the public interest. Thus, a preliminary injunction is fully appropriate in this case.

DATED: February 16, 2016.

Respectfully submitted,

DAMIEN M. SCHIFF
JOSHUA P. THOMPSON
CHRISTOPHER M. KIESER
WENCONG FA
HOWARD A. SAGASER
IAN B. WIELAND

By ___/s/ Joshua P. Thompson___
JOSHUA P. THOMPSON

Attorneys for Plaintiffs