1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CEDAR POINT NURSERY and FOWLER PACKING )        No. 1:16-cv-00185-LJO-BAM
     CO.,                                          )
12                                                 )          **[PROPOSED]**
                  Plaintiffs,                      )       **ORDER GRANTING**
13                                                 )    **PRELIMINARY INJUNCTION**
            v.                                     )
14                                                 )
     WILLIAM B. GOULD IV, GENEVIEVE SHIROMA, )
15   CATHRYN RIVERA-HERNANDEZ, AND                 )
     J. ANTONIO BARBOSA, members of the Agricultural )
16   Labor Relations Board in their official capacities, )
                                                   )
17               Defendants.                       )
                                                   )
18

19

20

21

22

23

24

25

26

27

28

On March 23, 2016, at 9:00 a.m., this matter came for a hearing in Courtroom 4, floor 7, of this Court, the Honorable Lawrence J. O'Neill, presiding.  Having considered the parties' pleadings and the arguments of counsel, and the entire record in this case, and good cause existing therefor.

**THE COURT HEREBY FINDS AND ORDERS:**

Plaintiffs Cedar Point Nursery and Fowler Packing Company have demonstrated a likelihood of success on the merits of their claims.  Defendants William B. Gould IV, Genevieve Shiroma, Cathryn Rivera-Hernandez, and J. Antonio Barbosa cannot constitutionally enforce, against Plaintiffs, California Code of Regulations, Title 8, Section 20900(e), which requires Plaintiffs to allow union organizers to conduct disruptive protests on Plaintiffs' property.  By allowing union organizers to commandeer Plaintiffs' private property, the regulation violates the Takings Clause of the Fifth Amendment as well as the Seizure Clause of the Fourth Amendment.

Plaintiffs have demonstrated that they will suffer irreparable harm in the absence of preliminary injunctive relief.  Depravation of constitutional rights is itself an irreparable harm.  The regulation imposes additional irreparable harms upon Plaintiffs by placing Plaintiffs at a competitive disadvantage and causing Plaintiffs to lose goodwill.

While Plaintiffs are irreparably injured by the regulation, Defendants suffer no cognizable legal injury.  Defendants cannot reasonably assert that they are harmed by an order that enjoins them from enforcing an unconstitutional regulation.  Thus, the balance of equities tips sharply in Plaintiffs' favor.

Finally, Plaintiffs have demonstrated that the injunction is in the public interest.  Allowing state officials to violate constitutional rights is completely adverse to this interest.  In these circumstances, waiver of the bond requirement under Federal Rule of Civil Procedure 65 is appropriate, as Plaintiffs are seeking to vindicate constitutional rights under 42 U.S.C. § 1983.

**ORDER**

1.     It is HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED.

///

1     2.     Defendants, their officers, agents, servants, employees, and all persons in active

2   concert or participation with them are ENJOINED from taking any action to enforce California

3   Code of Regulations, Title 8, Section 20900(e) against Plaintiffs.

4     3.     IT IS FURTHER ORDERED that the bond requirement is waived.

5     4.     No person who has notice of this injunction shall fail to comply with it, nor shall

6   any person subvert the injunction by sham, indirection, or other artifice.

7   **IT IS SO ORDERED.**

8

9   Dated: _____.               _____
                                                United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28