KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
R. MATTHEW WISE, State Bar No. 238485
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-8549
  Fax: (916) 324-3385
  E-mail: Matthew.Wise@doj.ca.gov
*Attorneys for Defendants William B. Gould IV,
Genevieve Shiroma, Cathryn Rivera-Hernandez, and
J. Antonio Barbosa*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CEDAR POINT NURSERY and FOWLER PACKING CO.,**<br><br>                Plaintiffs,<br><br>    v.<br><br>**WILLIAM B. GOULD IV, GENEVIEVE SHIROMA, CATHRYN RIVERA-HERNANDEZ, AND J. ANTONIO BARBOSA, members of the Agricultural Labor Relations Board in their official capacities,**<br><br>                Defendants. | 1:16-cv-00185-LJO-BAM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:     May 25, 2016<br>Time:    8:30 a.m.<br>Dept:    Courtroom 4, 7th Floor<br>Judge:   Lawrence O'Neill<br><br>Action Filed: February 16, 2016<br><br>[Fed. R. Civ. P. 78; L.R. 230] |

**TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE THAT on May 25, 2016 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Lawrence J. O'Neill in Courtroom 4 on the Seventh Floor of the United States District Court for the Eastern District of California, located at

2500 Tulare Street, Fresno, California, Defendants William B. Gould IV, Genevieve Shiroma, Cathryn Rivera-Hernandez, and J. Antonio Barbosa will move this Court to dismiss without leave to amend Plaintiffs' complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion to dismiss is brought on the grounds that Plaintiffs have failed to state a claim for relief, and is based on this Notice, the Memorandum of Points and Authorities, the papers and pleadings on file in this action, and such matters as may be presented to the Court at the time of the hearing.

Dated:  April 7, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ *R. Matthew Wise*

R. MATTHEW WISE
Deputy Attorney General
*Attorneys for Defendants William B. Gould IV, Genevieve Shiroma, Cathryn Rivera-Hernandez, and J. Antonio Barbosa*

# TABLE OF CONTENTS

Page

Introduction ........................................................................................................................ 1
Statutory and Regulatory Background ............................................................................... 2
Statement of Facts ............................................................................................................... 4
Legal Standard .................................................................................................................... 4
Argument ............................................................................................................................ 5
    I.    The Access Regulation Does Not Violate the Fifth Amendment Prohibition Against Illegal Takings ........................................................................ 5
        A.    Plaintiffs Have Not Provided a Compelling Reason to Revisit the California Supreme Court's 1976 Decision in *ALRB v. Superior Court* ........................................................................................................ 5
        B.    This Court Should Evaluate the Access Regulation Under the *Penn Central* Factors .................................................................................. 6
        C.    The Access Regulation is Constitutional Under the *Penn Central* Test ........................................................................................................ 8
    II.    The Access Regulation Does Not Violate the Fourth Amendment Prohibition Against Unreasonable Seizures ................................................. 9
Conclusion ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Adams v. Johnson*
   355 F.3d 1179 (9th Cir. 2004)................................................................5

*Agric. Labor Relations Bd. v. Super. Ct. (Pandol & Sons)*
   16 Cal. 3d 392 (1976) ..................................................................... passim

*Arkansas Game & Fish Comm'n*
   133 S. Ct. 511 (2012)...............................................................................6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)................................................................................4

*Bud Antle, Inc. v. Barbosa*
   45 F.3d 1261 (9th Cir. 1995)...................................................................2

*Fayer v. Vaughn*
   649 F.3d 1061 (9th Cir. 2011) (per curiam)............................................4

*Horne v. Dept. of Agric.*
   135 S. Ct. 2419 (2015).........................................................................6, 7

*Hroch v. City of Omaha*
   4. F.3d 693 (8th Cir. 1993).......................................................................9

*J. R. Norton Co. v. Agric. Labor Relations Bd.*
   26 Cal. 3d 1 (1979) ..................................................................................2

*Labor Board v. Babcock & Wilcox Co.*
   351 U.S. 105 (1956)............................................................................3, 5

*Lazy Y Ranch Ltd. v. Behrens*
   546 F.3d 580 (9th Cir. 2008)...................................................................4

*Loretto v. Teleprompter Manhattan CATV Corp.*
   458 U.S. 419 (1982).......................................................................5, 7, 8

*NLRB v. Magnavox Co.*
   415 U.S 322 (1974)................................................................................10

*North Star Int'l v. Ariz. Corp. Comm'n*
   720 F.2d 578 (9th Cir. 1983)...................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Pandol & Sons v. Agric. Labor Relations Bd.*
   429 U.S. 802 (1976) ............................................................................. 1, 3, 6

*Penn Central Transp. Co. v. New York City*
   438 U.S. 104 (1978) ............................................................................. *passim*

*PruneYard Shopping Center v. Robins*
   447 U.S. 74 (1980) ............................................................................... 7

*Republic Aviation Corporation v. Bd.*
   324 U.S. 793 (1945) ............................................................................. 5

*Soldal v. Cook County*
   506 U.S. 56 (1992) ............................................................................... 2, 5, 9

*United States v. Jacobsen*
   466 U.S. 109 (1984) ............................................................................. 9

*Watison v. Carter*
   668 F.3d 1108 (9th Cir. 2012) .............................................................. 5

*Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*
   473 U.S. 172 (1985) ............................................................................. 9

**STATUTES**

29 United States Code
   § 151 ...................................................................................................... 2
   § 152(3) ................................................................................................. 2

Labor Code
   § 1140 et seq. ........................................................................................ 2
   § 1140.2 ................................................................................................. 2
   § 1140.4 ................................................................................................. 2
   § 1148 .................................................................................................... 2
   § 1152 .................................................................................................... 3
   § 1153(a) ............................................................................................... 3

**COURT RULES**

Federal Rule of Civil Procedure 12(b)(6) .................................................. 4

# TABLE OF AUTHORITIES
### (continued)

Page

**OTHER AUTHORITIES**

California Code of Regulations, Title 8
    § 20900 ............................................................................................................... 8, 9
    § 20900(a) ............................................................................................................. 3
    § 20900(b) ............................................................................................................. 3
    § 20900(c) ............................................................................................................. 6
    § 20900(c) ............................................................................................................. 3
    § 20900(d) ............................................................................................................. 3
    § 20900(e) .......................................................................................................... 2, 7
    § 20900(e)(1)(A) ................................................................................................... 8
    § 20900(e)(1)(B) ................................................................................................... 8
    § 20900(e)(1)(C) ................................................................................................... 8
    § 20900(e)(3)(A) ................................................................................................... 8
    § 20900(e)(3)(B) ................................................................................................... 8
    § 20900(e)(4)(A) ................................................................................................... 8
    § 20900(e)(4)(B) ................................................................................................... 8
    § 20900(e)(4)(C) ................................................................................................... 9

# INTRODUCTION

In 1975, the California State Legislature passed the Agricultural Labor Relations Act to "ensure peace in the agricultural fields by guaranteeing justice for all agricultural workers and stability in labor relations." Agricultural Labor Relations Act of 1975, Cal.Stats. 1975, Third Extraordinary Session, c. 1, § 1, p. 4013. To carry out this purpose, the California Agricultural Labor Relations Board promulgated a regulation shortly after the Act's enactment to provide union organizers the right to access the premises of an agricultural employer to meet and solicit the support of employees. Within a year, the California Supreme Court upheld the constitutionality of this regulation. *Agricultural Labor Relations Board v. Superior Court (Pandol & Sons)*, 16 Cal. 3d 392 (1976), *appeal dismissed, Pandol & Sons v. Agric. Labor Relations Bd.*, 429 U.S. 802 (1976).

Four decades later, Plaintiffs Cedar Point Nursery and Fowler Packing Company (Plaintiffs) seek to end-run this settled precedent by asking this Court to enjoin Defendant Board members[1] (Defendants) from enforcing the access regulation. Yet Plaintiffs have failed to state a claim upon which relief may be granted.

Plaintiffs' primary argument for overturning the decades-old access regulation is that it purportedly authorizes illegal takings in violation of the Fifth Amendment to the United States Constitution. Compl. ¶ 58. The access regulation is a regulatory restriction on the use of property, and, as such, the standard of review requires a nuanced balancing of factors such as the character of the government action, the economic impact of the regulation, and the regulation's interference with reasonable investment-backed expectations. *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978). Balancing the *Penn Central* factors, the access regulation does not violate the Fifth Amendment's Takings Clause.

Plaintiffs also claim that the access regulation violates the Fourth Amendment's Seizure Clause, which prohibits "meaningful interference" with an individual's possessory interests in

---

[1] Defendants are Agricultural Labor Relations Board Chairman William B. Gould IV, members Genevieve Shiroma and Cathryn Rivera-Hernandez, and executive secretary Antonio Barbosa.

1

property. Compl. ¶¶ 61, 64.  The touchstone of a Fourth Amendment analysis is the reasonableness of the seizure.  Reasonableness depends on a "careful balancing of governmental and private interests."  *Soldal v. Cook County*, 506 U.S. 56, 71 (1992).  The governmental interests at stake here include protecting the right of agricultural employees to freedom of association, self-organization, and designation of representatives of their own choosing.  When both parties' interests are weighed, the access regulation does not violate the Fourth Amendment's Seizure Clause.

Because Plaintiffs have failed to and cannot state a claim for relief, their complaint should be dismissed without leave to amend.

## STATUTORY AND REGULATORY BACKGROUND

The Agricultural Labor Relations Act (Act), California Labor Code § 1140 et seq., is modeled after the comprehensive federal labor relations statutes, the National Labor Relations Act and Taft-Hartley Act (NLRA).  *See J. R. Norton Co. v. Agric. Labor Relations Bd.*, 26 Cal. 3d 1, 8 (1979).  The Act established the Agricultural Labor Relations Board (ALRB or Board), which possesses authority and responsibilities comparable to those exercised by the National Labor Relations Board (NLRB).  *Id.*  The NLRA, however, expressly excludes "agricultural laborers" from coverage, 29 U.S.C. § 152(3), while the ALRA applies *only* to the agricultural employees excluded from NLRA coverage.  Cal. Labor Code §§ 1140.4, 1148; *see Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1264 (9th Cir. 1995).

Consistent with the policies of the NLRA, 29 U.S.C. § 151, the ALRA declares that:

> It is hereby stated to be the policy of the State of California to encourage and protect the right of agricultural employees to full freedom of association, self-organization, and designation of representatives of their own choosing, to negotiate the terms and conditions of their employment, and to be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.

Cal. Labor Code § 1140.2; *J. R. Norton Co.*, 26 Cal. 3d at 8.

Shortly after the Act was enacted, the Board adopted an emergency regulation granting farm labor organizers a qualified right of access to the premises of agricultural employers under certain limited circumstances.  Cal. Code Regs. tit. 8, § 20900(e); *see ALRB v. Super. Ct.*, 16 Cal.

3d at 400. The access regulation affirms that under the Act, agricultural employees have, among other rights, the right to self-organization, to form, join, or assist labor organizations, and to bargain collectively, and that agricultural employers are prohibited from interfering with, restraining, or coercing agricultural employees in the exercise of these rights. Cal. Code Regs. tit. 8, § 20900(a) (citing Cal. Labor Code §§ 1152, 1153(a).).

The access regulation also recognizes that the Supreme Court "has found that organizational rights are not viable in a vacuum"—that when alternative channels of effective communication are not available to a union, these rights must include "a limited right to approach employees on the property of the employer." Cal. Code Regs. tit. 8, § 20900(b). Because in the agricultural setting, unions seeking to organize employees do not have available alternative channels of effective communication, the Board adopted an access regulation that "provide[s] clarity and predictability to all parties." *Id.* at § 20900(c), (d). Accordingly, the regulation sets forth terms limiting the right of access "in purpose, in time and place, and in the number of organizers permitted to participate; and conduct is forbidden, other than speech, which is 'disruptive of the employer's property or agricultural operations, including injury to crops or machinery.'" *ALRB v. Super. Ct.*, 16 Cal. 3d at 400 (quoting Cal. Code Regs. tit. 8, § 20900(e)).

Pandol & Sons and other agricultural employers promptly brought claims challenging the regulation based on the Fifth Amendment's Takings Clause and Due Process Clause. *ALRB v. Super. Ct.*, 16 Cal. 3d at 401, 402. The California Supreme Court observed that under *Labor Board v. Babcock & Wilcox Co.*, 351 U.S. 105 (1956), "if the circumstances of employment 'place the employees beyond the reach of reasonable union efforts to communicate with them, *the employer must allow the union to approach his employees on his property*.'" *ALRB v. Super. Ct.*, 16 Cal. 3d at 409 (emphasis in original) (quoting *Babcock & Wilcox*, 351 U.S. at 113). Holding that the access regulation's "rule of general application transgresses no constitutional command," including the Fifth Amendment's Takings Clause, the Court upheld the regulation. *ALRB v. Super. Ct.*, 16 Cal. 3d at 411. Though Pandol & Sons appealed the decision, the United States Supreme Court dismissed the appeal "for want of a substantial federal question." *Pandol & Sons v. Agric. Labor Relations Bd.*, 429 U.S. 802.

## STATEMENT OF FACTS

Plaintiffs are large agricultural businesses that employ hundreds of non-unionized employees. Compl. ¶¶ 8, 9. They bring this "as applied" challenge to enjoin Defendants from enforcing the access regulation. *Id.* at ¶¶ 43, 58, 65.

Plaintiff Cedar Point Nursery (Cedar Point), which raises strawberry plants in Dorris, California, employs about 100 full-time employees and 400 seasonal employees during the harvest season. Compl. ¶¶ 8, 26. Cedar Point alleges that in October 2015, union organizers from the United Farm Workers of America (UFW) staged a protest on Cedar Point's property during the harvest season. *Id.* at ¶¶ 29, 30. Cedar Point filed a charge against the UFW with the Board, and the UFW filed an unfair labor practice charge against Cedar Point. *Id.* at ¶ 34. Cedar Point speculates that the UFW "will attempt to take access again in the near future." *Id.* at ¶ 35.

Plaintiff Fowler Packing Company (Fowler), a table grape and citrus producer, employs between 1,800 and 2,500 workers in its field operations and approximately 500 workers at its packing facility in Fresno, California. Compl. ¶¶ 9, 36. Fowler alleges that in July 2015, the UFW filed an unfair labor practice charge claiming that Fowler violated the access regulation by denying union organizers access to Fowler's property. *Id.* at ¶ 38. The UFW later withdrew the charges. *Id.* at ¶ 39.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "is to test the legal sufficiency of the complaint." *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). The court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the plaintiff. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

But the court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (citations and quotations omitted). Mere "conclusory allegations of law and

unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Dismissal without leave to amend is appropriate when deficiencies in the complaint could not possibly be cured by amendment. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

## ARGUMENT

Plaintiffs claim that the access regulation imposes an easement across Plaintiffs' property in violation of the Fourth and Fifth Amendments to the United States Constitution. Compl. ¶ 7. Not so. The regulation sanctions temporary admission onto the property, restricted by time, place, and manner, for the important governmental purpose of protecting the rights of agricultural employees. Such access is not a permanent governmental occupation that "destroys *each* of [Plaintiffs'] rights" under the Takings Clause to possess, use, and dispose of their property. *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982) (emphasis in original). Nor does it "unceremoniously dispossess[]" Plaintiffs of their property absent a governmental interest, in violation of the Seizure Clause. *See Soldal*, 506 U.S. at 61, 71. Because the access regulation is constitutional, Plaintiffs have failed to state a claim for which relief may be granted.

**I.   THE ACCESS REGULATION DOES NOT VIOLATE THE FIFTH AMENDMENT PROHIBITION AGAINST ILLEGAL TAKINGS**

**A.   Plaintiffs Have Not Provided a Compelling Reason to Revisit the California Supreme Court's 1976 Decision in *ALRB v. Superior Court***

Plaintiffs seek to enjoin Defendants from enforcing an access regulation that has stood for forty years. Yet there is no persuasive reason to revisit the California Supreme Court's 1976 decision in *ALRB v. Superior Court* upholding the regulation against a Fifth Amendment Takings Clause challenge.

In *ALRB v. Superior Court*, the Court relied on two landmark cases that set forth the ground rules for union activity on company property. 16 Cal. 3d at 405. First, *Republic Aviation Corporation v. Board*, 324 U.S. 793 (1945) held that an employer's right to control its property does not permit it to deny access to persons whose presence is necessary to enable employees to exercise their right to self-organization and collective bargaining. *ALRB v. Super. Ct.*, 16 Cal. 3d at 405 (citing *Republic Aviation Corp.*, 324 U.S. at 802 n.8). Second, *Labor Board v. Babcock &*

5

*Wilcox Co.* required an employer to allow a union to approach employees on its property when the circumstances of employment "place the employees beyond the reach of reasonable union efforts to communicate with them." *ALRB v. Super. Ct.*, 16 Cal. 3d at 409 (citing *Babcock & Wilcox*, 351 U.S. at 113).

With these two principles in mind, the Court upheld the constitutionality of the access regulation under the Takings Clause. The Court noted the governmental policy in favor of collective bargaining; the Act's purpose is to "ensure peace in the agricultural fields by guaranteeing justice for all agricultural workers and stability in labor relations." *ALRB v. Super. Ct.*, 16 Cal. 3d at 398 (citing Agricultural Labor Relations Act of 1975, Cal.Stats. 1975, Third Extraordinary Session, c. 1, § 1, p. 4013), 403. The access regulation implements this vision through a rule of general application that allows union access to employees on the employer's property under limited circumstances and for limited purposes. *ALRB v. Super. Ct.*, 16 Cal. 3d at 409. In particular, the regulation recognizes that in the agricultural setting, unions seeking to organize employees do not have available alternative channels of effective communication. Cal. Code Regs. tit. 8, § 20900(c). The Court concluded that the regulation, which includes "various limitations in time, place, purpose and manner," is constitutional. *Id.* at 410, 411.[2] There is no compelling reason to reverse course and find an unconstitutional taking here.

### B. This Court Should Evaluate the Access Regulation Under the *Penn Central* Factors

When determining whether a governmental regulation of private property is constitutional, the United States Supreme Court has recognized "few invariable rules in this area"—and that "no magic formula enables a court to judge, in every case, whether a given government interference with property is a taking." *Arkansas Game & Fish Comm'n*, 133 S. Ct. 511, 518 (2012). The Supreme Court has distinguished between a physical appropriation of property, which gives rise to a *per se* taking, and a regulatory restriction, which requires a factual inquiry to determine

---

[2] As noted above, the Supreme Court dismissed the appeal of this decision because it did not present a substantial federal question. *Pandol & Sons v. Agric. Labor Relations Bd.*, 429 U.S. 802. The Court's decision—and the access regulation—remain the law in California.

6

whether the constraints on the use of property went "too far." *Horne v. Dept. of Agric.*, 135 S. Ct. 2419, 2427 (2015) (quoting *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922)). In *Penn Central Transportation Co. v. New York City*, the Court set forth three factors that may guide the latter inquiry: (1) the character of the government action, (2) the economic impact of the regulation, and (3) its interference with reasonable investment-backed expectations. *Id.* at 124.

For an invasion of property rights to be considered a *per se* taking, the government must not merely "take a single 'strand' from the 'bundle' of property rights: it chops through the bundle, taking a slice of every strand." *Loretto*, 458 U.S. 419, 435. For example, when the government permanently occupies physical property, it "effectively destroys" the owner's rights to possess, use, and dispose of the property. *Id.* The property owner loses not only the right to exclude others from his property, but also control of the property's use, the value of the property, and the expectation that he will be relatively undisturbed in the possession of his property. *Id.* at 435-436.

In *Loretto*, the Supreme Court held that the installation of a cable box on the property owner's rooftop was a *per se* taking because it was a government-authorized permanent physical occupation of the property. *Id.* at 421, 426, 435-438. The Court contrasted this permanent occupation with the "temporary physical invasion" in *PruneYard Shopping Center v. Robins*, 447 U.S. 74 (1980). In *PruneYard*, the Court held that a state constitutional provision limiting a property owner's right to exclude individuals who were exercising their free speech and petition rights on the property was a permissible regulatory restriction, not an unconstitutional taking. *Id.* at 83. Recently, the Court affirmed the distinction between *Loretto* and *PruneYard*, observing that there was no taking in *PruneYard* because "[t]he owner retained the value of the use of the property . . . largely unimpaired, so the regulation did not go 'too far.'" *Horne*, 135 S. Ct. at 2429.

Unlike *Loretto*, the access regulation here does not sanction the permanent physical occupation of property. Instead, it is a regulatory restriction that authorizes temporary admission to the employer's property bound by strict time, place, and manner limitations. *See* Cal. Code Regs. tit. 8, § 20900(e). Though the regulation creates a modest limitation on Plaintiffs' discretion to exclude labor organizers from their property, Plaintiffs retain control of their property's use, the value of the property, and the expectation that they will be relatively

undisturbed in the possession of their property.  *See Loretto*, 458 U.S. at 435-436.  Because the regulation does not authorize a taking *per se*, the proper standard for evaluating the regulation is the *Penn Central* test, not the categorical rule in *Loretto*.

### C. The Access Regulation Is Constitutional Under the *Penn Central* Test

Balancing the *Penn Central* factors, the access regulation is a constitutional regulatory restriction.  The character of the governmental action is tailored to fulfill the State's policy to "encourage and protect the right of agricultural employees to full freedom of association, self-organization, and designation of representatives of their own choosing." Cal. Code Regs. tit. 8, § 20900 (citing Cal. Labor Code § 1140.2).  The right of access includes, among other limitations, the following:

- Access to the employer's property is limited to no more than four thirty-day periods in a calendar year (§ 20900(e)(1)(A))
- The labor organization must file copies of a written notice of intention to take access with the ALRB regional office at the beginning of each thirty-day period (§ 20900(e)(1)(B))
- The right of access terminates five days after the ballot count in an election is completed (§ 20900(e)(1)(C))
- Organizers may enter the employer's property for one hour before the start of work and one hour after the completion of work to meet with employees in areas where they congregate before and after work (§ 20900(e)(3)(A))
- Organizers may enter the employer's property for one hour during the working day to meet with employees during their lunch period in locations where they eat lunch (§ 20900(e)(3)(B))
- Access is limited to two organizers for each work crew on the employer's property, with one additional organizer for every fifteen additional workers if there are more than thirty workers in a crew (§ 20900(e)(4)(A))
- Organizers must identify themselves by name and labor organization, and must wear a badge with this information (§ 20900(e)(4)(B))

8

In addition, the access regulation prohibits "conduct disruptive of the employer's property or agricultural operations."[3] Cal. Code Regs. tit. 8, § 20900(e)(4)(C).

Besides considering the minimal intrusion authorized by the regulation, this Court must assess the regulation's economic impact and its interference with reasonable investment-backed expectations. Yet Plaintiffs' complaint does not set forth allegations related to these factors. Nor could it. The limited right of access defined in the regulation, which expressly prohibits interference in business operations, cannot reasonably be viewed as having an adverse economic impact or interfering with expected returns on investment. Because Plaintiffs cannot show, under the *Penn Central* test, that the access regulation violates the Takings Clause, this claim should be dismissed.

## II. THE ACCESS REGULATION DOES NOT VIOLATE THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

Nor have Plaintiffs stated a meritorious claim that the access regulation violates the Fourth Amendment's Seizure Clause. A "seizure" occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). To prove that a seizure is unconstitutional, Plaintiffs must also show that the seizure was unreasonable. *Soldal*, 506 U.S. 56, 71 ("[R]easonableness is still the ultimate standard under the Fourth Amendment, which means that numerous seizures . . . will survive constitutional scrutiny." (citation omitted)). The reasonableness determination must reflect a "careful balancing of governmental and private interests." *Id.*; *Hroch v. City of Omaha*, 4. F.3d 693, 697 (8th Cir. 1993) (city's condemnation order was not an unreasonable seizure in light of the balancing of governmental and private interests).

The governmental interests here—safeguarding the rights of agricultural employees to freedom of association, self-organization, and collective bargaining—are considerable. Cal. Code

---

[3] To the extent that Plaintiffs' "as applied" challenge is based on the distinctive facts involved in a dispute before the ALRB, their Takings claim is not ripe—all of the important factors at issue "simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191 (1985).

Regs. tit. 8, § 20900. The Board cannot effectively fulfill these interests if it is unable to enforce this regulation against the Plaintiffs. *See NLRB v. Magnavox Co.*, 415 U.S. 322, 325 (1974) ("The place of work is a place uniquely appropriate for dissemination of views concerning the bargaining representative and the various options open to the employees."). Balancing these governmental interests against Plaintiffs' narrow interest in excluding non-employees from their property, the access regulation is reasonable, and does not violate the Seizure Clause. This claim should be dismissed, as well.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss all claims against Defendants without leave to amend.

Dated: April 7, 2016                                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ R. Matthew Wise*

R. MATTHEW WISE
Deputy Attorney General
*Attorneys for Defendants William B. Gould IV, Genevieve Shiroma, Cathryn Rivera-Hernandez, and J. Antonio Barbosa*

SA2016100631
12209115.doc

# CERTIFICATE OF SERVICE

Case Name:  **Cedar Point Nursery v. William B. Gould IV, et al.**   No.   **1:16-cv-00185-LJO-BAM**

I hereby certify that on <u>April 7, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 7, 2016</u>, at Sacramento, California.

|  |  |
|---|---|
| Tracie L. Campbell | /s/ Tracie Campbell |
| Declarant | Signature |

SA2016100631
12213657.doc